UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PHILLIP DORF,

          Plaintiff,

COURT FILE NO.: 6:13-cv-06374-CJS

v.

DIVERSIFIED CONSULTANTS, INC.,

          Defendants.

## ANSWER OF DIVERSIFIED CONSULTANTS, INC.

Defendant DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as and for its Answer to the Complaint of PHILLIP DORF ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### I. INTRODUCTION

1.      Defendant admits that Plaintiff alleges violations of the Fair Debt Collection Practices Act in his Complaint but denies that there is any legal or factual basis for the relief sought therein.

### II. JURISDICTION AND VENUE

2.      Defendant admits that Plaintiff sufficiently alleges jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1692k(d) but denies any implication that Defendant committed any actionable wrongdoing in this matter.

3. Defendant admits that Plaintiff sufficiently alleges supplemental jurisdiction under 28 U.S.C. § 1367 for his alleged claim based upon the Telephone Consumer Protective Act but denies any implication that Defendant committed any actionable wrongdoing in this matter.

4. Defendant admits that it transacts business in the state of New York but denies that Plaintiff's claims arise from that transaction of business. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4 and therefore denies the same.

### III. PARTIES

5. Defendant admits that Plaintiff is a natural person residing in Wayne County, New York, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5, and therefore denies the same.

6. Defendant admitted that it is a Florida corporation, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 6, and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7, and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8, and therefore denies the same.

9. Defendant admits that it engages in the collection of debts from consumers allegedly owed to another using mail and telephone. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 9, and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10, and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11, and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12, and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13, and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14, and therefore denies the same.

15. Defendant admits that it regularly engages in the collection of debts allegedly owed to another.

16. Paragraph 16 requires no response.

## IV. FACTUAL ALLEGATIONS

17. Upon information and belief, Defendant admits Plaintiff owes a debt to Sprint, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 17, and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18, and therefore denies the same.

19. Defendant admits it was contracted to collect the overdue Sprint bill in Plaintiff's name.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20, and therefore denies the same.

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22, and therefore denies the same.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

## V. COUNT ONE (FDCPA)

24. The preceding paragraphs are incorporated herein by reference as if set forth at length.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

## VI. COUNT TWO (TCPA)

30. The preceding paragraphs are incorporated herein by reference as if set forth at length.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. To the extent that a violation(s) of the FDCPA by Defendant is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, including but not limited to procedures to identify and handle differently telephone numbers assigned to cellular phones.

3. Plaintiff failed to mitigate his damages despite having the means to do so, including but not limited to requesting Defendant to stop calling Plaintiff.

4. Plaintiff is precluded from seeking and recovery for the claims contained in Plaintiff's Complaint by virtue of Plaintiff's own unclean hands arising from his failure to request that Defendant stop calling Plaintiff.

5. Plaintiff is estopped from asserting any claim or demand for relief against Defendant by virtue of Plaintiff's own conduct, actions and/or omissions, including but not limited to failure to request that Defendant stop calling Plaintiff.

6.	Defendant asserts that it had consent to call the phone number(s) at issue, either via prior express consent or implied consent.

7.	Defendant reserves the right to assert additional defenses as may be appropriate based upon case development and discovery.

WHEREFORE, Defendant prays that Plaintiff's Complaint and Demand for Jury Trial be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

s/ David G. Peltan
David G. Peltan, Esq.
Attorney for Defendant DIVERSIFIED CONSULTANTS, INC.
Peltan Law, PLLC
128 Church Street
East Aurora, NY 14052
(716) 374-5431
davidpeltan@peltanlaw.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2013, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, PHILLIP DORF via Plaintiff's counsel of record –

Seth Andrews, Esq. and Kenneth R. Hiller, Esq.

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

s/ David G. Peltan
David G. Peltan, Esq.
Attorney for Defendant DIVERSIFIED CONSULTANTS, INC.
Peltan Law, PLLC
128 Church Street
East Aurora, NY 14052
(716) 374-5431
davidpeltan@peltanlaw.com
